

## MOSKOWITZ & BOOK, LLP

Avraham C. Moskowitz
AMoskowitz@mb-llp.com

345 Seventh Avenue, 21st Floor
New York, NY 10001
Phone: (212) 221-7999
Fax: (212) 398-8835

January 17, 2022

BY ECF
Hon. Brian R. Martinotti
United States District Judge
MLK Federal Building & Courthouse
P.O. Box 0999
Newark, N.J. 07102

    Re:  U.S. v Robert "Chuck" Frei
        2:21CR00022-001

Dear Judge Martinotti:

   This letter is respectfully submitted in response to the letter from the Government dated January 7, 2022, opposing Mr. Frei's application for early termination of his supervised release.

   In its letter, the Government, citing *U.S. v. Melvin*, 978 F.3d 49 (3rd Cir. 2020), correctly notes that in deciding whether to terminate supervised release early, the Court must consider the factors listed in Title 18 Section 3553 and then decide whether "early termination is warranted by the defendant's conduct and the interests of justice." *Id* at 52. In this case, both the defendant's conduct and the interests of justice warrant the early termination of supervised release.

   As noted in the original application, Mr. Frei, who cooperated with the Government in the Southern District of New York, has complied with all of the terms of his supervised release for more than a year without any incident. Moreover, Mr. Frei, who is a first-time, non-violent offender, has a full-time job and is partners with his son in an office supply business. He has been married to the same woman for over thirty years and is a devoted father to his three children and a valued member of his community. Simply put, Mr. Frei does not require any additional supervision and no useful purpose would be served by requiring the overburdened Probation Department to continue to monitor Mr. Frei.

Honorable Brian R. Martinotti
January 17, 2022
Page 2


    Finally, the Government's emphasis on the length of the criminal activity in which Mr. Frei participated is misplaced. As the Government is well aware, Mr. Frei was coerced into participating in the criminal scheme by his boss, Joseph Bailey, against whom he cooperated. Mr. Frei had to decide whether to comply with his boss's demands or lose his job during a recession. He made the wrong choice, not out of greed or because of his desire to profit from the scheme, but because he feared being unable to support his family. He has learned a painful lesson from his involvement in the offense and there is no reason to believe that he will reoffend. It is respectfully submitted that the Court should grant Mr. Frei's application, terminate his supervised release and save the valuable resources of the Probation Department for those who could benefit from the Department's supervision and services.

    Thank you in advance for your consideration of this request.


        Respectfully submitted,

        Avraham C. Moskowitz



cc: Probation Officer Brendan Murillo (by email)
  AUSA Shontae Gray